UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOANNE GIORGIO**

      **Plaintiff,**

-vs-                                                      Case No. 6:05-cv-173-Orl-19KRS

**HOLLAND AMERICA LINE, INC., HAL
ANTILLEN N.V., and HOLLAND AMERICA
LINE N.V.**

      **Defendant.**
_____

# ORDER

This case comes before the Court on the following:

1. Defendant Holland America Line, Inc.'s Motion to Dismiss the Amended Complaint. (Doc. No. 3, filed on February 1, 2005).

2. Plaintiff Joanne Giorgio's Response to Defendant Holland America Line Inc.'s Motion to Dismiss the Amended Complaint. (Doc. No. 14, filed on February 19, 2005).

### Background

The following allegations are drawn from Plaintiff's First Amended Complaint. (Doc. No. 2, filed on February 1, 2005).

On January 12, 2004, Joanne Giorgio, a resident of Brevard County, was a passenger on the Zaandam, a vessel owned by Holland America Line, Inc. ("Holland America"), that sailed to and from Port Canaveral. (*Id.* at ¶ 6). On that day, Giorgio alleges that without any fault on her part and wholly through the carelessness, recklessness, and negligence of Holland America, she sustained severe pain

and permanent injuries when she slipped while attempting to descend stairs. (*Id.*)

On February 1, 2005, Plaintiff Joanne Giorgio filed an amended complaint, alleging that Defendant Holland America failed to provide reasonably safe stairs for her to descend, provided an improperly manufactured or designed staircase, failed to provide a reasonably safe staircase as mandated under the circumstances in which the staircase would be used by Plaintiff, and failed to inspect and maintain the staircase and warn Plaintiff of the unsafe condition of the staircase. (*Id.* at ¶ 7).

Defendant moves to dismiss the amended complaint, arguing that the Court should dismiss the suit based on the forum selection clause contained in the cruise contract issued to all passengers, including Plaintiff. The contract states:

> "ALL DISPUTES AND MATTERS WHATSOEVER ARISING UNDER, IN CONNECTION WITH OR INCIDENT TO THIS CONTRACT, THE CRUISE, THE CRUISE TOUR, THE HAL LAND TRIP OR THE HAL AIR PACKAGE SHALL BE LITIGATED, IF AT ALL, IN AND BEFORE THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE, OR, AS TO THOSE LAWSUITS WHICH THE FEDERAL COURTS OF THE UNITED STATES LACK SUBJECT MATTER JURISDICTION, IN THE COURTS OF KING COUNTY, STATE OF WASHINGTON, U.S.A., TO THE EXCLUSION OF ALL OTHER COURTS."

(Doc. No. 3, Ex. A, p. 1).

Plaintiff asserts in her response to such motion that she has filed a parallel complaint in the United States District Court in the Western District of Washington in Seattle. (Doc. No. 14) (Case Number C05-38JLR).

This Order analyzes Defendant's Motion to Dismiss which the Court will treat as a Motion to Transfer Venue. *See, .e.g., Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) (recognizing that Congress enacted 28 U.S.C. § 1404(a) to alleviate the harshness of the result associated with the doctrine of forum non conveniens and to authorize courts to transfer, rather than simply dismiss, civil

actions that were brought in inappropriate venues); *See also American Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994) (noting that dismissal under the doctrine of *forum non conveniens* should take place only in cases where the alternative forum is abroad).

## Analysis

Transfer of venue is governed by 28 U.S.C. § 1404(a).[1] The standard for transfer under Section 1404(a) leaves much to the broad discretion of the trial court. *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737 (1st Cir. 1977), *cert. denied*, 434 U.S. 860 (1977). In analyzing a motion to transfer, the Court is required to balance a number of case-specific factors. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 (1988). The Court should consider "the convenience of parties and witnesses" and the "interest of justice," with a choice of forum clause, "a *significant* factor that figures *centrally* in the district court's calculus." *Id.* at 29 (emphasis added). While other factors may demonstrate that a transfer is appropriate, "the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

The burden is on the party opposing the enforcement of a forum selection clause to show that the contractual forum is "sufficiently inconvenient to justify retention of the dispute." *P&S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 806 (11th Cir. 2003) (citing *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989)). The financial difficulty that a party may experience in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause. *See Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 160 n.11 (7th Cir. 1993).

In *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972), the United States Supreme

---

[1] That section states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Court created a presumption in favor of enforcing forum selection clauses. *Bremen* recognizes three reasons that would make enforcement of a forum selection clause unreasonable: (1) enforcement of the forum selection clause would be contrary to the strong public policy of the forum; (2) enforcement of the clause is so unreasonable that a party will for all practical purposes be deprived of his day in court; or (3) the forum selection clause was the product of fraud, undue influence, or overwhelming bargaining power. *Id.* at 12-13, 15, 18. Plaintiff has failed to proffer any evidence demonstrating that these exceptions apply.

Plaintiff's argument in opposition to the motion to dismiss is two-fold. First, Plaintiff contends that enforcing the forum selection clause would deprive her of the ability to effectively prosecute her action. Plaintiff asserts that the accident has caused a loss of mobility that makes it difficult for her to leave home and that she also suffers from panic attacks. Second, Plaintiff contends that the Middle District of Florida is the more convenient forum because all of her witnesses are in Brevard County, her medical treatment was obtained in Brevard County, the inspection of the vessel to prove Plaintiff's case will take place in Brevard County, Defendant conducts a significant amount of business in Brevard County, and the Zaandam sails to and from Port Canaveral in Brevard County.

Plaintiff's argument that she is physically and financially unable to prosecute this action in the federal court in Washington is belied by her own response to Defendant's motion to dismiss in which Plaintiff states that she has already filed a parallel complaint in federal district court in Seattle, Washington. (Doc. No. 14). While Plaintiff asserts that she could provide affidavits from medical providers verifying her inability to travel, Plaintiff has failed to file such affidavits with the Court. Thus, the record reflects that Plaintiff has both the means and ability to pursue her claims in Washington. With modern technology for video depositions and electronic filings with the Court, with

Plaintiff's initiation of a case in the forum selected by the parties in their contract, and with no medical testimony on the severity and duration of the Plaintiff's maladies, Plaintiff has failed to carry the heavy burden of proof to demonstrate the inconvenience of the forum selection clause. *See, e.g., Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 594-95 (1991) (explaining that the plaintiff bore a heavy burden of proof to demonstrate the inconvenience of the forum selection clause and that mere assertions that the plaintiff was physically and financially incapable of pursuing litigation in another forum was not enough to meet this burden).

Plaintiff's second argument urges the Court to overlook the forum selection clause and to find that the other factors balance heavily in favor of venue in the Middle District of Florida. The burden is on Plaintiff to prove that maintaining the suit in this venue is for the convenience of the parties and witnesses and in the interests of justice. *Canon USA*. 331 F.3d at 807. In making this determination, the Court balances seven factors: (1) plaintiff's initial choice of forum, (2) the convenience of the parties, (3) relative ease of access to sources of proof, (4) the cost of obtaining the presence of witnesses, (5) the location of relevant evidence, (6) financial ability to bear the cost of change, and (7) all other practical problems that make trial of the case easy, expeditious and inexpensive. *Ford v. Brown*, 319 F.3d 1302, 1307 (11th Cir. 2003); *see also Tampa Bay Storm v. Arena Football League, Inc.*, 932 F.Supp. 281, 282 (M.D. Fla. 1996) (citing *O'Brien v. Goldstar Technology, Inc.,* 817 F.Supp. 383, 385 (W.D.N.Y. 1993)).

Plaintiff has failed to show that there is a clear difference in convenience with respect to the location of relevant evidence and witnesses and the financial ability to bear the costs of the change of venue. Plaintiff has offered no evidence in the form of sworn testimony or an affidavit to support her contention that Florida is a more convenient forum. Plaintiff has not identified the witnesses that she

intends to call at trial or the documents that she intends to use at trial.  Most importantly, there is no showing that Plaintiff will be deprived of her day in court because the record does not reflect that Plaintiff is unable to afford the cost of litigating this case in Washington.  Given the fact that the burden is on Plaintiff to demonstrate that transfer is appropriate and the principle that the choice of a forum clause will rarely be outweighed by other 1404(a) factors, the Court finds that Plaintiff has failed to show that a transfer would be for the convenience of the parties and witnesses and in the interests of justice.  Therefore, the Court determines that this case should be transferred to the United States District Court in the Western District of Washington in Seattle.

## Conclusion

Based on the foregoing, the Motion to Dismiss Amended Complaint shall be treated as a Motion to Transfer Venue, such Motion is *Granted*, and the Clerk of Court shall transfer this case to the United States District Court in the Western District of Washington in Seattle, Washington to be considered with case number C05-38JLR.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this __18th_____ day of April, 2005.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record