UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOANNE GIORGIO**

        **Plaintiff,**

-vs-                                             Case No.  6:05-cv-173-Orl-19KRS

**HOLLAND AMERICA LINE, INC., HAL ANTILLEN N.V., and HOLLAND AMERICA LINE N.V.**

        **Defendants.**
_____

## ORDER

This case comes before the Court on the following:

1. Plaintiff Joanne Giorgio's Motion for Reconsideration. (Doc. No. 18, filed on April 21, 2005).

2. Defendants Holland America Line, Inc.'s, HAL Antillen N.V.'s, and Holland America Line N.V.'s Response to Plaintiff's Motion for Reconsideration. (Doc. No. 20, filed on May 5, 2005).

### Background

On February 1, 2005, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint on the basis of the forum selection clause in the cruise line contract. (Doc. No. 3). On February 18, 2005, Plaintiff responded to Defendants' Motion to Dismiss but did not include any affidavits. (Doc. No. 14). In her response, Plaintiff stated:

"It is also suggested that Plaintiff is medically and/or physically unable to travel to Washington

> to litigate this matter. The undersigned is cognizant that local rules require an affirmative response to a motion within ten days and that Plaintiff is already a few days late in filing this response. Plaintiff shall endeavor to submit within the reasonably forseeable future affidavits from medical providers or at least from Plaintiff herself, verifying her inability to travel. However, because of the rapid passage of time, Plaintiff files her response at this time."

(*Id.* at 5).

As a reason for not submitting the affidavit within the appropriate time period, Plaintiff's counsel stated that he is a sole practitioner, had been in trial that week, and lacked the time to respond. (*Id.* at 5, n.1).

On April 4, 2005, Plaintiff filed an unauthenticated letter with the Court. (Doc. No. 15). In the letter, Dr. Gonzalo Valdivia stated that Plaintiff had been a patient of his since January 14 after sustaining severe fractures to her right leg from a fall. (*Id.*) Valdivia asserted that Plaintiff has a severe medical condition with a permanent disability, and, for that reason, he does not advise any long trips or traveling from home. (*Id.*)

On April 18, 2005, the Court treated Defendants' Motion to Dismiss Plaintiff's Amended Complaint as a Motion to Transfer and ordered that the case be transferred to the United States District Court in the Western District of Washington in Seattle, Washington to be considered with case number C05-38JLR. (Doc. No. 16, p. 6). The Court found that the forum selection clause contained in the cruise line contract issued to all passengers, combined with other factors, demonstrated that transfer to the Western District of Washington was appropriate. The Court also found that while Plaintiff asserted that she could provide affidavits from medical providers verifying her inability to travel, Plaintiff had failed to file such affidavits with the Court. (*Id.* at 4).

On April 21, 2005, Plaintiff filed a Motion for Reconsideration of the Court's Order transferring this case to the Western District of Washington.

**Standard of Review**

-2-

The Eleventh Circuit has described a motion for reconsideration as falling within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief form judgment). *Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 n.5 (11th Cir. 1993). The decision to grant such relief is committed to the sound discretion of the Court and will not be overturned on appeal absent an abuse of discretion. *Id.* at 806. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F.Supp.2d 1366, 1369 (S.D. Fla. 2002). There are three grounds for reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* In order to reconsider a judgment, there must be a reason why the Court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *Id.* A motion for reconsideration should not be used to reiterate arguments previously made. *Id.* Reconsideration of a previous order is an extraordinary remedy to be employed sparingly. *Id.*

**Analysis**

Plaintiff argues that Valdivia's letter should have been considered by the Court in evaluating Defendants' Motion to Dismiss and that the letter demonstrates that the Middle District of Florida is the appropriate forum for this suit.

There are three problems with the letter. First, the letter was not timely filed. On February 1, 2005, Defendant filed a Motion to Dismiss. (Doc. No. 3). Plaintiff's responsive memorandum and any affidavits in support of her memorandum were due eleven days later on February 14, 2005. (Doc. No. 4, "Related Case Order and Notice of Designation under Local Rule 3.05–track 2," filed on

February 2, 2005).  Plaintiff did not file her responsive memorandum until February 18, 2005.  While the responsive memorandum was untimely filed, the Court considered the arguments raised in Plaintiff's memorandum in opposition to Defendants' Motion to Dismiss.  Although Plaintiff claimed that she could produce affidavits verifying her inability to travel, no such affidavits were produced by February 14, 2005.  In fact, Plaintiff did not file the unauthenticated letter until April 4, 2005, several weeks later.

Second, the letter is not authenticated and is not in the proper evidentiary form.  While the letter has the signature of Dr. Gonzalo Valdivia, the letter does not contain an attestation that the statements were made under the penalty of perjury and does not have a notary's seal or signature.  Because the Valdivia letter is not in the proper evidentiary form, it cannot be considered by the Court.

Finally, even if the Valdivia letter was in the proper evidentiary form, it would not warrant reconsideration of the Court's Order transferring this case to the Western District of Washington.  The letter does not state that Plaintiff is unable to travel, only that long trips or traveling from the home are not advised.  With modern technology for video depositions and electronic filings with the Court and with Plaintiff's initiation of a case in the forum selected by the parties in their contract, the discomfort that Plaintiff may experience in taking long trips due to her medical condition is not enough to meet the heavy burden of proof of demonstrating the inconvenience of the forum selection clause.  *See, e.g., Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 594-95 (1991) (explaining that the plaintiff bore a heavy burden of proof to demonstrate the inconvenience of the forum selection clause and that mere assertions that the plaintiff was physically and financially incapable of pursuing litigation in another forum was not enough to meet this burden).

## Conclusion

Based on the foregoing, the Court **DENIES** Plaintiff Joanne Giorgio's Motion for Reconsideration. (Doc. No. 20).

**DONE** and **ORDERED** in Chambers in Orlando, Florida this __17th_____ day of May, 2005.

*Patricia C. Fawsett*
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record